UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGILLIO VIRGO,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 20-cv-475 |
| | : | |
| **EDWARD GARCIAS,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                      February 7, 2020
**United States District Judge**

      Plaintiff Virgillio Virgo, a frequent litigator in this Court,[1] has filed another civil rights complaint pursuant to 42 U.S.C. § 1983 along with a Motion for Leave to Proceed *In Forma Pauperis*. Named as Defendants are Edward Garcias, Williams Daryl and Gregory Kulps.[2] For the following reasons, Virgo will be permitted to proceed *in forma pauperis,* and the Complaint will be dismissed.

---

[1] A review of the Court's docket reflects that, since 1997, Virgo has filed at least 25 civil actions and three habeas corpus petitions. This appears to be the third time he has sued Defendant Edward Garcias, although he has not spelled the name consistently. *See Virgo v. Garcia*, Civ. A. No. 17-3388 (dismissed without prejudice as frivolous with leave to file amended complaint; dismissed thereafter for failure to prosecute); and *Virgo v. Garcia*, 17-5730 (dismissed as frivolous with no leave to amend).

[2] Although Virgo wrote "Edward Garcias" in the caption of his Complaint, the Defendant is also referred to as "Edward Garcia." Likewise, while he wrote "Williams Daryl" in the caption of his Complaint, that Defendant is also referred to as Daryl Williams. The Court will refer to him as "Williams." Defendant "Gregory Kulps," who is identified as a corrections officer, appears to be the same person as Virgo sued under the name "Gregory Kulp" in prior lawsuits.

**I.     FACTUAL ALLEGATIONS**

Virgo's Complaint, like those filed in many of his prior cases, is rambling, unclear, and nonsensical. It consists of handwritten sentence fragments[3] and typewritten pages that contain little or no substantive allegations. Virgo alleges that the actions that led to his claim occurred on October 31, 2004. (ECF No. 2 at 5.)[4] On a page that mentions Defendant Williams, Virgo also mentions the Fourth Amendment (*id.* at 12), and an allegation of "fraud lebel Slanders by way or robbery from Safe Deposit Box" (*id.*). On a page where no Defendant is mentioned, Virgo alleges that his criminal history was due to the presence of a "toxit in my Blood." (*Id.* at 13.) He alleges that Defendant Garcias "will never act in a lawful manner and that he had been arrested with 20 bags of heroin. (*Id.* at 15.) Although Defendant Kulps is listed as a Defendant (*id.* at 4), Virgo never mentions him anywhere else in his pleading.

**II.    STANDARD OF REVIEW**

Because Virgo appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) requires the Court to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably

---

[3] In the portion of the form Complaint asking Virgo to state what right has been violated, he states "forth Amendments to the constitutional for these right to keep papers, and other collections accordings to the 4th Amendment of the sworing in." (ECF No. 2 at 2.) In the portion for setting forth the factual basis of the claim, Virgo writes "THESE Defendants cannot give, an stay for introveinous drugs use by habituals drug USERS and Habetual DRUGS ofenders and one CAN NOT afford such a habetuals REASONS being to EXPENSIVE such Homicides to Support theirs Habetuals unders taking Rip. MR.Sgt Kulps." (*Id.* at 5.)

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Virgo is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it

3

does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Virgo's current claims against Garcias, Williams and Kulps fail to comply with Rule 8's requirement that he provide a short plain statement of his claim that permits the Defendants and the Court to understand his claim. Having reviewed the Complaint, the Court cannot discern a factual basis for a non-frivolous claim within the Court's jurisdiction.

The one fact that Virgo clearly asserts is that the events of which he complains occurred in 2004. (ECF No. 2 at 5.) To the extent that seeks to assert constitutional claims, they are clearly time-barred since his § 1983 claims would be governed by the Pennsylvania two-year statute of limitations for a personal injury actions. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). Because limitations period applicable to Virgo's §

4

1983 claim is two years,[5] the events allegedly occurred in 2004, and Virgo did not file this case until 2020, the Complaint is additionally subject to dismissal because it is untimely.

An appropriate Order follows dismissing the case with prejudice as any attempt at amendment would be futile.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[5] While application of the Pennsylvania statute of limitations is subject to the discovery rule, which may operate to delay the running of the statute of limitations in certain circumstances, *see Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)), nothing in Virgo's Complaint provides cause to apply the rule and application of the two-year period is apparent on the face of the Complaint since no reasonable juror could find otherwise. *See Fine*, 870 A.2d at 858-59; *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).